SAMUEL S. SHERMAN v. CORYDON B. PALMER, IMPLEADED›
WITH SAMUEL S. FRANZ.

*Void Judgment of a Justice—Comp. L., § 5776.*

The docket entry of a justice showed that on default of appear-- ance by the defendants in a suit against the maker and endorser of a note, he proceeded to hear the cause on a return of service of summons "on the within named defendant," and entered judgment as follows: "And after considering the· evidence judgment is this day rendered for $300 damages, and' $3.00 costs." *Held*, that this judgment was indefinite and void on its face.

The statute allowing the various parties to negotiable paper to· be joined in one suit (Comp. L., § 5776) does not change the· nature of each one's liability.

The Supreme Court can infer nothing from an ambiguous record.

Error to Wayne.    Submitted Oct. 10.    Decided Oct. 30.

ASSUMPSIT.    Action on a judgment.    The facts are in the opinion.

*Hoyt Post* for plaintiff in error.    An adjudicated right shown clearly by the record cannot be defeated by a merely formal defect.    *Zimmer v. Davis,* 35 Mich., 41.

*Jas. A. Randall* and *F. A. Baker* for defendant in error. A justice's judgment must affirmatively show jurisdiction, *Wight v. Warner,* 1 Doug. (Mich.), 384; *Clark v. Holmes,* Id., 390; *Spear v. Carter,* 1 Mich., 19; *Saunders v. Tioga Manfg. Co.,* 27 Mich., 520.    If the return of summons fails to show service, a recital in the justice's docket that it was duly served, cannot make the judgment valid, *Lowe v. Alexander,* 15 Cal., 296; Freeman on Judgments, § 519, and is only *prima facie* evidence that may be disproved by the return itself, *Van Kleek v. Eggleston,* 7 Mich., 511.    A justice's record consists of the entries which the statute requires to be made on his docket, *Goodrich v. Burdick,* 26 Mich., 39; *Facey v. Fuller,* 13 Mich., 527; *Allen v. Carpenter,* 15 Mich., 33, and these do not include the return, Comp. L., §§ 5486–7.    Where the statute required summons to be served by reading and giving a copy, the return "served the within by reading personally" was held bad, *Campau v. Fairbanks,* 1 Mich., 151.    Only where persons are jointly indebted can judgment be taken in form against all.    *Allen v. Mills,* 26 Mich., 123.

CAMPBELL, J.    Sherman sued defendants in error on a justice's judgment rendered by Timothy McCarthy, a justice of the peace of Wayne county, and the court below held the judgment void.

It appeared, by the justice's docket that he proceeded, upon default of appearance by the defendants, to hear the cause, on a return of service of summons "on the within named defendant" (not "defendants").    The declaration averred one to be maker and the other endorser of the note sued on.    The entry of judgment is in these words: "And after considering the evidence judgment is this day rendered for $300 damages, and $3.00 costs."

This judgment is objected to as not showing in whose favor or against whom it was rendered.

Assuming that from the whole entry it may be gathered that it was in favor of the plaintiff, it is clearly insufficient as against defendant Palmer, who was not a joint promisor with his co-defendant. In allowing the various parties to negotiable paper to be joined in one suit, the statute does not make them liable in any different way than if they had been sued separately. The maker may be liable and the endorser may not have been properly bound, and the endorser on the other hand may have given currency to paper not binding on the supposed maker. And under the statute judgment may be in favor of some of the defendants and against the others. 2 Comp. L., §§ 5785 et seq.

However liberally we may be allowed to regard entries which permit only one inference to be drawn from them —(as where the same judgment must be rendered against all or none, *Aldrich v. Maitland,* 4 Mich., 205),—we have no power to draw inferences from a record which is ambiguous. *Rood v. School District,* 1 Doug. (Mich.), 502. It is doubtful whether we could look for help to any references in the docket to testimony, inasmuch as that is not required to be set out as given. But in this case the statement of evidence shows no proof against the endorser, and while if the judgment had been in due form this might not have injured it, it indicates the danger of assuming a liability not distinctly found.

As the judgment is void upon its face, we need not consider the other questions presented by the record.

The judgment of the circuit court holding the justice's judgment invalid was correct and must be affirmed, with costs.

COOLEY, C. J., concurred.

GRAVES, J. The docket entry was very indefinite. It did not show at what time of day the plaintiff appeared, nor how long, if at all, the defendants were waited for. It stated that judgment was given for $300 damages and $3

costs, but did not express for whom or against whom it was rendered.

It was competent to give judgment against Franz and not against Palmer, and there is no entry to show that such was not the case. The whole thing is too imperfect to authorize an intendment that judgment was given against him if the proceedings of a justice of the peace could be made good in that way. It appears to me, therefore, that there was no evidence of any judgment against Palmer, and I agree with my brother Campbell that the judgment below should be affirmed, with costs.

MARSTON, J., did not sit in this case.